(Reap. Dec. 8853)

BARNETT INTERNATIONAL FORWARDERS, INC. *v.* UNITED STATES

Entry No. 977719.

(Decided June 20, 1957)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that at the time of exportation of the merchandise embraced in the entry covered by the Appeal to Reappraisement noted above, there was no foreign value, export value or United States value, as defined in Section 402 (c) (d) (e) of the Tariff Act of 1930, as amended, for such or similar merchandise;

That cost of production is the proper basis of value;

That the cost of production of said merchandise as defined in Section 402 (f) is equivalent to the invoice unit values, packed, and that there was no higher value;

That the appeal to reappraisement herein may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoice unit values, packed.

Judgment will be entered accordingly.

(Reap. Dec. 8854)

BARNETT INTERNATIONAL FDERS., INC. *v.* UNITED STATES

Entry No. 849169.

(Decided June 20, 1957)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that at the time of exportation of the merchandise embraced in the entry covered by the Appeal to Reappraisement noted above, there was no foreign value, export value or United States value, as defined in Section 402 (c) (d) (e) of the Tariff Act of 1930, as amended, for such or similar merchandise;

That cost of production is the proper basis of value;

That the cost of production of said merchandise as defined in Section 402 (f) is equivalent to the invoice unit values, packed, and that there was no higher value;

That the appeal to reappraisement herein may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the invoice unit values, packed.

Judgment will be entered accordingly.

(Reap. Dec. 8855)

BARNETT INTL. FDERS., INC. v. UNITED STATES

Entry No. 887085.

(Decided June 20, 1957)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge:   This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that at the time of exportation of the merchandise embraced in the entry covered by the Appeal to Reappraisement noted above, there was no foreign value, export value or United States value, as defined in Section 402 (c) (d) (e) of the Tariff Act of 1930, as amended, for such or similar merchandise;

That cost of production is the proper basis of value;

That the cost of production of said merchandise as defined in Section 402 (f) is equivalent to the invoice unit values, packed, and that there was no higher value;

That the appeal to reappraisement herein may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper